**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| JENNIFER SIMS, | |
| Plaintiff, | Case No. |
| v. | |
| NASCOTE INDUSTRIES, INC., | **COMPLAINT** |
| Defendant. | **JURY DEMANDED** |

Now comes the Plaintiff, JENNIFER SIMS, by and through her attorneys, and for her Complaint against the Defendant, NASCOTE INDUSTRIES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

2. Plaintiff contends that she is an individual within the meaning of the FMLA, that Defendant willfully retaliated against Plaintiff for exercising her rights under the FMLA and discharged her because of his exercise of her rights, in violation of the FMLA.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

5. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

  a. Plaintiff filed a Charge of Discrimination, number 440-2020-00615, with the Equal Employment Opportunity Commission ("EEOC") on October 25, 2019.

  b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on November 8, 2019, which was received by Plaintiff's attorneys on November 16, 2019.

## PARTIES

6. Plaintiff is an individual who was at all relevant times residing in Poplar Grove, Illinois.

7. On information and belief, Defendant is a corporation of the State of Delaware, which is registered with the Secretary of State to do business in Illinois, whose principal place of business is located in Troy, Michigan, and which operates a facility in Belvidere, Illinois.

8. Plaintiff and Defendant are also both "persons" as defined in 29 U.S.C. § 2611(8), as they are "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

9. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. Defendant is also an "employer" as defined in 29 U.S.C § 2611(4)(i), as it is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."

11. Plaintiff is an "employee" as defined in 42 U.S.C. § 12111(4), as she is an

individual employed by an employer.

12. Plaintiff is an "eligible employee" as defined in 29 U.S.C. § 2611(2)(A), as she was an employee who had been employed "for at least 12 months by the employer with respect to whom leave [had been] requested" and "for at least 1,250 hours of service with such employer during the previous 12-month period."

13. Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8), as she was an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that he held.

## BACKGROUND FACTS

14. Plaintiff began her employment with Defendant on or about October 30, 2017.

15. Plaintiff's most recent position with Defendant was as a front fascia assembly worker.

16. Throughout her employment with Defendant, Plaintiff performed the duties of her job to all legitimate expectations.

17. Plaintiff has suffered from systemic lupus erythematous ("SLE"), idiopathic thrombocytopenic purpura ("ITP"), and arthritis since approximately August 9, 2016.

18. Plaintiff suffered from numerous flare-ups of her SLE in the Spring of 2019.

19. Plaintiff's symptoms during such flare-ups include significant joint and muscle pain, difficulty concentrating, and fatigue.

20. During such flare-ups, Plaintiff is unable to perform tasks which require prolonged standing and/or walking.

21. Plaintiff's episodic flare-ups require periodic visits to her doctor and, accordingly, brief periods of inactivity lasting approximately 1-3 days per episode.

22. Plaintiff notified Defendant in advance of any medical appointments that required her to miss work.

23. Plaintiff applied, and was approved for, intermittent FMLA leave to treat flare-ups of her condition.

24. Despite being approved for intermittent FMLA leave, Defendant repeatedly required Plaintiff to produce further evidence of her disabilities and/or conditions, cast aspersions on her motivations for taking said leave, and erroneously claimed that she was on "several narcotics."

25. Plaintiff provided all documentation required by law to Defendant for her intermittent FMLA leave.

26. On or about July 5, 2019, Plaintiff took FMLA leave for an episodic flare-up, which temporarily required her to refrain from prolonged standing and walking, as recommended by her physician.

27. Despite having been previously approved for that intermittent FMLA leave, Defendant demanded further proof of the necessity for such leave. Defendant further told Plaintiff that if she did not provide a doctor's letter with such proof by 2:00 p.m. on August 8, 2019, her employment would be terminated.

28. Plaintiff provided Defendant with a letter from her physician which stated that her absence was due to a flare-up of her condition, for which her FMLA leave had previously been approved.

29. Defendant still terminated Plaintiff's employment on August 9, 2019.

30. At the time of her termination, Plaintiff had used approximately 190 of the 480 hours of FMLA leave allotted to her per year.

31. To Plaintiff's knowledge, Defendant has not subjected any other employee to similar treatment under similar circumstances.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

32. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 31 above as if reiterated herein.

33. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

34. Plaintiff is qualified to perform the essential functions of her job, with the reasonable accommodation of periodic, short, temporary absences from work during flare-ups or her condition.

35. Defendant intentionally discriminated against Plaintiff on the basis of her disability in one or more of the following ways:

   a. Refusing to recognize her physician's recommendations and requests for reasonable accommodations;

   b. Requiring her to provide more proof of the nature of her condition than that which is required by law;

   c. Retaliating against her for requesting and availing herself of a reasonable accommodation;

   d. Terminating her employment because of her disability; and

   e. Terminating her employment for requesting and availing herself of a reasonable accommodation.

36. Defendant would not have taken adverse action against Plaintiff in the absence of her documented disability.

37. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

38. Defendant, through its employees, agents, and/or authorized representatives, knew that its discriminatory treatment of Plaintiff because of her disabilities violated the ADA.

39. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of her disabilities with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affecting her status as an employee, because of her disabilities. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her, but for Defendant's unlawful and illegal discriminatory acts and practices.

40. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

41. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 40 above as if fully reiterated herein.

42. The acts and conduct of Defendant as aforesaid were in willful violation of the FMLA. Said statute imposes certain duties upon Defendant concerning retaliation against persons, such as Plaintiff, on the basis of their exercise of FMLA leave and the prohibition of said retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth.

43. By the acts and conduct described above, Defendant was willfully in violation of said statutes, and knew about, or should have known about, and failed to investigate, prevent, or

remedy the retaliation. The acts of retaliation described herein were sufficiently pervasive so as to alter the conditions of employment and created an abusive working environment. When Plaintiff was retaliated against, Plaintiff's exercise of her FMLA leave was a substantial motivating factor and/or motivating reason in Defendant's conduct.

44. By the aforesaid acts and conduct of Defendant, Plaintiff has been directly and legally caused to suffer actual damages pursuant to 29 U.S.C. § 2617 including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, and other pecuniary loss not presently ascertained.

45. The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant, thereby justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

46. As a result of the acts of Defendant as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in 29 U.S. C. §2617(a)(3).

Wherefore, Plaintiff, JENNIFER SIMS, respectfully prays this Honorable Court enter judgment against Defendant, NASCOTE INDUSTRIES, INC., as follows:

    a.    Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA and the FMLA;

    b.    Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and

        usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c.    Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate or retaliate against employees on the basis of disability, or retaliate against employees for exercising their rights under the FMLA;

d.    Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory and retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory and retaliatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e.    Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory and retaliatory practices of Defendant and the willful violations of Defendant;

f.    Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and retaliatory practices of Defendant, and the willful violations of Defendant;

g.    Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h.    Awarding Plaintiff compensatory, liquidated, and/or punitive damages, as

       allowed by law; and

i.      Granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

JENNIFER SIMS

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, Illinois 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com